RAYMOND H. LAWHORN, Plaintiff in Error, v.
STATE OF TENNESSEE, Defendant in Error.

464 S.W.2d 305.

Court of Criminal Appeals of Tennessee. Oct. 7, 1970.

Certiorari Denied by Supreme Court Feb. 16, 1971.

T. A. Greer, Jr., Dunlap, for plaintiff in error.

David M. Pack, Atty. Gen., C. Hayes Cooney, Asst. Atty. Gen., Nashville, Harry C. Templeton, Dist. Atty. Gen., Winchester, J. Harvey Cameron, Asst. Dist. Atty. Gen., So. Pittsburg, for defendant in error.

## OPINION

DWYER, Judge.

A jury in the Circuit Court of Marion County convicted Raymond H. Lawhorn of committing the offense of assault to commit voluntary manslaughter. His sentence, with judgment pronounced thereon, was confinement for not less than one year nor more than two years in the State Penitentiary.

Through privately-retained counsel he has seasonably appealed after his motion for a new trial was overruled. The assignments of error was twofold: (1) the court erred in permitting improper direct examination of a State witness and improper cross-examination of the defendant as to illegal or unbecoming acts of defendant with the State's witness; and (2) the court erred in failing to recharge the jury as to the penalty for assault and battery while recharging them with the punishment for assault with intent to commit voluntary manslaughter.

A review of the record reveals, concisely, these facts found therein in the proof developed at the trial.

The victim, Vernon Sutherland, on the evening of November 8, 1968, picked up Marshall Hawkins, Connie Butner and Linda Pace, ostensibly to go to Chattanooga. En route they stopped at a Chevron service station located at the Dixie Lee Junction in Marion County. At the service station Linda Pace and the defendant Lawhorn, an employee at the station, exchanged words. The proof developed that Linda Pace and the defendant had been going together for some period of time. It further developed that it was her suggestion to stop at this station. After the exchange of words there is a conflict as to whether Sutherland pointed a pistol at Lawhorn. At any rate, Sutherland drove off with Linda Pace hollering she was going to tell Lawhorn's wife about their dating. The defendant called the sheriff's office and when the patrol car arrived he jumped in and gave them a description of Sutherland's car which was headed towards his home town of Jasper. The patrol car overtook Sutherland in Jasper and with siren and light on pulled Sutherland's car over. At that time Sutherland was ordered out of the car with hands up and ordered to place his hands on top of his car, which he did. The officer then proceeded to advance on Sutherland when Lawhorn, who had been ordered to stay in the car, stepped past the officer, striking Sutherland with his fist and knocking him down. He then proceeded to kick and stomp Sutherland with resulting injuries that required hospitalization for six weeks and permanent injury to one of his eyes. It was also developed that the officer on the right side of the car, seeing Lawhorn advance, hollered out for him to stop.

The proof developed further that Sutherland was drunk and that a .22 pistol was found in the glove compartment of the car. The proof does not support Lawhorn's contention that Sutherland pointed the pistol at him. Nevertheless, it would not justify in any manner the assault made upon Sutherland by Lawhorn at the time he was in the custody of the officers.

The thrust of defendant's first assignment is that the relationship of the defendant with Linda Pace should not have been developed in that it accused Lawhorn, a married man, with illegal and improper conduct which was prejudicial. In evaluating this assignment we weigh the fact that Sutherland and Lawhorn were unknown to one another prior to the altercation. Linda Pace's actions brought the two in contact. Lawhorn testified that when Sutherland and Linda Pace were leaving she hollered she was going to tell Lawhorn's wife about their acquaintanceship. We feel that this evidence (testimony) was competent and should have been allowed. In the absence of this testimony the jury would have been wholly at sea as to why Lawhorn made this unprovoked assault upon Sutherland, a stranger to him.

In Wharton's Criminal Evidence, 12th Edition, § 171, at page 332, the following language may be found:

"In prosecutions for homicide, as in criminal prosecutions generally, *evidence to show motive is competent, and considerable latitude is allowed in its introduction.* When proof has been made of the corpus delicti, *all facts and circumstances that tend to show motive on the part of the accused are relevant.* It may

be inferred from the crime itself, or from the actions of the accused." (Emphasis added.)

The prior acts of Linda Pace and Lawhorn were relevant to show what induced this senseless attack, the ferocity of which caused the eye of the victim to protrude onto his cheekbone. The defendant cites 39 Am.Jur.2d, § 320 and § 321 which in substance state the general rule that proof of other crimes is inadmissible, which rule recognizes certain exceptions, as cited in the two sections, *supra*. This type testimony falls within such exception as it goes to connect Lawhorn with the crime in issue. The assignment is overruled.

He next contends the court erred in not recharging the jury on the lesser offenses and the punishment thereto, the apex of his contention being that even though they had found defendant guilty of assault to commit voluntary manslaughter they could conceivably still arrive at a different result if the punishment for the lesser charge had been given. We find from the record the following:

"THE COURT: Now, ladies and gentlemen have you agreed on a verdict?

"FOREMAN: Yes, sir.

"THE COURT: How did you find?

"FOREMAN: Guilty.

"THE COURT: Of what now?

"FOREMAN: Of an attempt to commit voluntary manslaughter.

"THE COURT: What punishment did you fix?

"FOREMAN: We didn't fix the punishment, Your Honor.

"THE COURT: Well, now you'll have to fix it.

"FOREMAN: I believe the charge states not less than one (1) and not more than five (5) years.

"THE COURT: That's right. That's right, let me read the rest of it, everything I say has got to be in writing.

"Now, you found him guilty of voluntary manslaughter.

"FOREMAN: Intent to commit voluntary manslaughter.

"THE COURT: Intent to commit voluntary manslaughter."

The court then charged the jury the law again on assault with intent to commit voluntary manslaughter and the punishment prescribed. There can be no question but that the jury had convicted Lawhorn of committing assault to commit voluntary manslaughter. No useful purpose would have been served to recharge the punishment for assault and battery in light of their findings. The court did later in response to a question from the foreman comment on the indeterminate sentence law, which was unfortunate. We fail to perceive where this affected the merits or the outcome of the case or influenced their verdict. No objection or exception at that time was taken to the colloquy between the court and the jury foreman. See Tennessee Supreme Court Rule 14 (4), adopted by this court. The assignment is overruled. The judgment of the trial court is affirmed.

GALBREATH and RUSSELL, JJ., concur.